**IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS**
No. 11-50V
Filed: September 26, 2014
(Not to be published)

* * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| NICOLE BROWN *and* DOMAH BROWN, | * |
| *as parents and natural guardians of* | * |
| A.B., *a minor*, | * |
| | *   Stipulation; DTaP; HiB; MMR; |
| Petitioners, | *   pneumococcal; |
| | *   Streptococcal A infection; |
| v. | *   Streptococcal toxic shock |
| | *   syndrome; multi-organ failure |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * *

*Anne Toale, Esq.*, Maglio Christopher and Toale, Sarasota, FL for petitioner.
*Lara Englund, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Gowen,** Special Master:

     Nicole Brown and Domah Brown, as parents and natural guardians of A.B., a minor, ["petitioners"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on January 18, 2011. Petitioners allege that A.B. suffered Streptococcal A infection, Streptococcal toxic shock syndrome, and multi-organ system failure that was caused in fact by the diphtheria-tetanus-acellular pertussis [DTaP],

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

hemophilus influenzae type b[Hib], pneumococcal and measles-mumps-rubella [MMR] vaccines he received on or about January 16, 2008.  *See* Stipulation, filed September 25, 2014, at ¶¶ 2, 4.  Further, petitioners allege that A.B. experienced residual effects of his injury for more than six months.  *Id.* at ¶ 4.  Respondent denies that the DTaP, Hib, pneumococcal and MMR vaccines caused any of A.B.'s injuries or his current condition.  *Id.* at ¶ 6.

Nevertheless, the parties have agreed to settle the case.  On September 25, 2014, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

Respondent agrees to issue the following compensation payments:

**(a) A lump sum of $200,000.00, in the form of a check payable to petitioners, Nicole and Domah Brown, as guardian(s)/conservator(s) of the estate of A.B. for the benefit of A.B.  No payment shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of A.B.'s estate.**

**The amount set forth in paragraph (a) represents compensation for all damages that would be available under § 300aa-15(a), except as set forth in paragraphs (b) and (c) below.**

**(b) A lump sum of $135,385.54, which amount represents reimbursement of a Commonwealth of Virginia Medicaid lien, in the form of a check payable jointly to petitioners, Nicole and Domah Brown, and**

**Commonwealth of Virginia**
**Department of Medical Assistance**
**Suite 1300**
**600 East Broad Street**
**Richmond, VA 23219**
**Attn: Donna R. Piacentini**

**Petitioners agree to endorse this check to the Commonwealth of Virginia.**

**(c) An amount sufficient to purchase an annuity contract described in paragraph 10 of the attached stipulation, paid to the life insurance company from which the annuity will be purchased [the "Life Insurance Company"].**

The special master adopts the parties' stipulation attached hereto, and awards compensation in the amount and on the terms set forth therein.  The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
**Thomas L. Gowen**
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| NICOLE AND DOMAH BROWN, ) | |
| as parents and natural guardians of ) | |
| A.B., a minor, ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | No. 11-50V |
| ) | Special Master Thomas Gowen |
| SECRETARY OF ) | |
| HEALTH AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, A.B., petitioners filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to A.B.'s receipt of the diphtheria-tetanus-acellular pertussis ("DTaP"), hemophilus influenzae type b ("Hib"), pneumococcal and measles-mumps-rubella ("MMR") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. A.B. received his DTaP, Hib, pneumococcal and MMR vaccines on or about January 16, 2008.

3. The vaccines were administered within the United States.

4. Petitioners allege that A.B. suffered Streptococcal A infection, Streptococcal toxic shock syndrome, and multi-organ system failure as the result of the administration of the vaccines, and that A.B. experienced residual effects of these injuries for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on behalf of A.B. as a result of his condition.

6. Respondent denies that the DTaP, Hib, pneumococcal or MMR vaccines caused any of A.B.'s injuries or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a.    A lump sum of $200,000.00, in the form of a check payable to petitioners as guardian(s)/conservator(s) of the estate of A.B. for the benefit of A.B.. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of A.B.'s estate.

        The amount set forth in paragraph 8.a. represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a), except as set forth in paragraphs 8.b and 8.c.

    b.    A lump sum of $135,385.54, which amount represents reimbursement of a Commonwealth of Virginia Medicaid lien, in the form of a check payable jointly to petitioners and

        Commonwealth of Virginia
        Department of Medical Assistance
        Suite 1300
        600 East Broad Street
        Richmond, VA 23219
        Attn: Donna R. Piacentini

Petitioners agree to endorse this check to the Commonwealth of Virginia.

    c.    An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000.00 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.    A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b.    Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c.    Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d.    Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of A.B., pursuant to which the Life Insurance Company will agree to make payments periodically to A.B. for all remaining damages that would be available under 42 U.S.C. §300aa-15(a), as follows:

    a. $117,000.00 payable in a certain lump sum on May 7, 2027.

    b. $98,000.00 payable in a certain lump sum on May 7, 2032.

    c. $185,000.00 payable in a certain lump sum on May 7, 2037.

The payments provided for in this paragraph 10 shall be made as set forth above. Should A.B. predecease the exhaustion of any certain payments set forth above, any remaining certain payments shall be made to his estate. Written notice to the Secretary of Health and Human Services and to the Life Insurance Company shall be provided within twenty (20) days of A.B.'s death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of A.B. as contemplated by a strict construction of 42 U.S.C. §300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardian(s)/conservator(s) of A.B.'s estate under the laws of the Commonwealth of Virginia. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardian(s)/conservator(s) of A.B.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.B. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of A.B. upon submission of written documentation of such appointment to the Secretary.

17. In return for the payments described in paragraphs 8 and 12, petitioners, in their individual capacities and as legal representatives of A.B., on behalf of themselves, A.B., and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or

5

unsuspected personal injuries to or death of A.B. resulting from, or alleged to have resulted from, the vaccinations administered on or about January 16, 2008, as alleged by petitioners in a petition for vaccine compensation filed on or about January 18, 2011, in the United States Court of Federal Claims as petition No. 11-50V.

18. If A.B. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

19. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

20. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

21. Petitioners hereby authorize respondent to disclose documents filed by petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

22. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the DTaP, Hib, pneumococcal or MMR vaccines

caused A.B. to suffer Streptococcal A infection, Streptococcal toxic shock syndrome, multi-organ system failure, or any other injury or condition.

23. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of A.B..

END OF STIPULATION

/

/

Respectfully submitted,

| PETITIONER: | PETITIONER: |
|---|---|
| *[signature]* NICOLE BROWN | *[signature]* DOMAH BROWN |

| ATTORNEY OF RECORD FOR PETITIONERS: | AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL: |
|---|---|
| *[signature]* ANNE CARRION TOALE, ESQ. MAGLIO CHRISTOPHER & TOALE, PA 1605 Main Street, Suite 710 Sarasota, FL 34236 (888) 952-5242 | *[signature]* VINCENT J. MATANOSKI Deputy Director Torts Branch Civil Division U.S. Department of Justice P.O. Box 146 Benjamin Franklin Station Washington, DC 20044-0146 |

| AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES: | ATTORNEY OF RECORD FOR RESPONDENT: |
|---|---|
| *[signature]* for A. MELISSA HOUSTON, M.D., M.P.H., FAAP Acting Director, Division of Vaccine Injury Compensation (DVIC) Acting Director, Countermeasures Injury Compensation Program (CICP) Healthcare Systems Bureau U.S. Department of Health and Human Services 5600 Fishers Lane Parklawn Building, Mail Stop 11C-26 Rockville, MD 20857 | *[signature]* LARA A. ENGLUND Trial Attorney Torts Branch Civil Division U.S. Department of Justice P.O. Box 146 Benjamin Franklin Station Washington, DC 20044-0146 Tel: (202) 307-3013 |

Dated: 9/25/14